IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH K. BURKE, | ) | 4:09CV3038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ALL MEMBERS OF THE | ) | |
| NEBRASKA BAR ASSOCIATIONS | ) | |
| OF LINCOLN AND OMAHA | ) | |
| NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 19, 2009. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on February 19, 2009, against several organizations and numerous individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are extremely difficult to decipher. However, Plaintiff generally alleges that the United States government is unjust and negligent.[1] (*Id*. at CM/ECF pp. 2-13.) Plaintiff alleges he has the right to "alter or abolish unjust government, and to institute a new government . . ." (*Id*. at CM/ECF p. 4.) He asks the court to

---

[1]For example, Plaintiff alleges the government was grossly negligent "to incur a 10 trillion dollar expense account . . . ." (Filing No. 1 at CM/ECF p. 8.) Plaintiff also alleges the "United States Government . . . is being r[u]n by Monkeys . . . ." (*Id*. at CM/ECF p. 11.)

determine whether he "or some other devine spirit should implement a New Government . . . ." (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint. As set forth above, Plaintiff's allegations are difficult to decipher. The allegations which the court can decipher are frivolous. Even when liberally construed, Plaintiff's Complaint does not set forth an "arguable basis either in law or in fact" and the relief he requests is not within the court's power to grant. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

(stating a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). Plaintiff's Complaint is therefore dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff's Complaint is dismissed without prejudice because it is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

      2.    A separate judgment will be entered in accordance with this Memorandum and Order.

April 3, 2009.                        BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge